Commonwealth *v.* Powell, Appellant.

Argued November 22, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arthur F. Earley,* for appellant.

*Michael M. Baylson,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney,

*Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, January 3, 1968:

Appellant was convicted of murder in the first degree, aggravated robbery and aggravated assault and battery. The jury imposed the penalty at life imprisonment on the murder conviction. This appeal is from the denial of appellant's post-trial motions for an arrest of judgment or the grant of a new trial.

The evidence as presented by the Commonwealth established that the deceased and her sister were assaulted and robbed as they were approaching the entrance to their apartment. As a result of multiple injuries to the head inflicted by the person committing the assault, the deceased died early that evening.

The evidence linking appellant to the crime consisted of the testimony of a friend of appellant's brother that he was with appellant on the day of the assault. He further testified that appellant kept talking, rubbing his hands and looking down the street. Appellant then told the Commonwealth's witness "he was going to get these ladies' pocketbook." The witness then stated he immediately looked down the street and saw two women on the left-hand side of the street. He testified that they were the only women in sight, and that the sister of the deceased, who was in court on the day of his testimony, was one of the women. The witness said he did not see the attack but approximately five minutes after his conversation had ended with appellant, he heard the sister of the deceased screaming, "murder, thief, murder, thief."

Appellant contends that he is entitled to an arrest of judgment. We disagree. The only question for our determination is whether there was sufficient circumstantial evidence of appellant's guilt beyond a reason-

able doubt. *Commonwealth v. Gooslin,* 410 Pa. 285, 189 A. 2d 157 (1963); *Commonwealth v. Kravitz,* 400 Pa. 198, 161 A. 2d 861 (1960).

We believe the testimony revealing the manner and thoughts of appellant only a short time prior to the commission of the crime and what transpired shortly thereafter was sufficient circumstantial evidence to convict appellant. On this basis appellant is not entitled to an arrest of judgment.

However, appellant alleges another ground in support of his motion for a new trial. He vigorously contends that the trial judge erred in admitting in evidence certain color photographs of the victim of the assault. We agree.

During the course of the trial, the Commonwealth called a pathologist to testify as to his findings with respect to a post mortem examination he performed on the deceased. The pathologist was then permitted to exhibit and use color-slide films of the deceased in an effort to help the jury understand his medical testimony. Counsel for appellant strenuously objected on the ground that the photographs were gruesome and could only serve to inflame the minds and arouse the sympathy of the jurors.

Our Court has frequently held that the admission of photographs exhibiting the body of a deceased in homicide cases is primarily within the discretion of the trial judge. Unless there is a flagrant abuse of discretion, this Court has been loath to conclude that reversible error exists. *Commonwealth v. Dickerson,* 406 Pa. 102, 176 A. 2d 421 (1962); *Commonwealth v. Novak,* 395 Pa. 199, 150 A. 2d 102 (1959); and *Commonwealth v. Peyton,* 360 Pa. 441, 450, 62 A. 2d 37, 41 (1948).

We are of the opinion that the proper test to be applied by a trial court in determining the admissibility of photographs in homicide cases is whether or not the photographs are of such essential evidentiary value that

their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors. Applying this weighing process to the facts of the instant case, we find that the trial judge abused his discretion by admitting the photographs. Here, we have a clear felony murder case where the force used and the nature and extent of the injuries involved have no bearing on a finding of first degree felony murder. Moreover, assuming their relevance with respect to appellant's intent to commit grievous bodily harm, nowhere is it illustrated to our satisfaction that the pathologist could not have adequately and effectively testified without the use of these photographs. Whatever aid these photographs may have been, their use was clearly outweighed by the emotional impact it would undoubtedly have on the jury.[1] For this reason alone appellant is entitled to a new trial.

Judgment reversed and a new trial ordered.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.

---

[1] The fact that the trial judge specifically informed the jury that the photographs were not being shown for prejudicial or inflammatory purposes, but only to aid in the presentation of medical testimony, is of no consequence and could not remedy the error which already had been committed.