Commonwealth *v.* Scaramuzzino, Appellant.

Argued January 8, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Robert W. Geigley* and *Keith L. Kilgore,* with them *Spitler, Rowe, Silberman & Kilgore,* for appellant.

*George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, March 25, 1974:

Appellant, Samuel Scaramuzzino, was tried by a jury and found guilty of the first degree murder of Mrs. Kathleen Gensler. Following the denial of post-trial motions a sentence of life imprisonment was imposed. This appeal followed.

During the course of the trial the Commonwealth was permitted to introduce, over defense counsel's timely objection, fourteen color slides in support of the pathologist's testimony as to the cause of death. Appellant contends that despite cautionary instructions[1] the trial judge abused his discretion in allowing these exhibits. We agree. In view of our disposition of this issue we need not consider the other points of error set forth in appellant's brief.

The slides in issue involved three photographs of the heart removed from the body of the deceased; five portrayed the wounded portions of the nude torso emphasizing, because of the color, the dried blood, including a side view of the torso with glass rods protruding from

---

[1] The judge charged as follows: ". . . there are a number of photographs and items of evidence that have been received in this case. They have been received for the purpose of assisting you in deciding the facts and what happened. You are not permitted to let them inflame your passions or cause you to be prejudiced or to divert your attention from your true duties; and that is, determine the truth. That is what we are here for. We are not to be prejudiced or sympathetic, inflamed by matters such as this. Don't permit these exhibits to do that to you."

the wounds to indicate the direction of the wounds; three photographs which were virtually identical to three previously shown but with the blood removed; one photograph of a wound at the back of the ear with the hair pulled away; one slide of a wrist wound; and one of a finger wound. The total viewing time was ten minutes and five seconds.

At the outset it should be noted that the practice of admitting photographs of the body of the deceased, unless they have essential evidentiary value, is condemned. *Commonwealth v. Peyton,* 360 Pa. 441, 450, 62 A. 2d 37, 41 (1948). See also, *Commonwealth v. Dankel,* 450 Pa. 437, 441, 301 A. 2d 365, 367 (1973). Our law is well-settled that the admission of such evidence is a matter within the discretion of the trial judge and, absent an abuse of discretion, there is no reversible error. *Commonwealth v. Woods,* 454 Pa. 250, 252, 311 A. 2d 582, 583 (1973) citing *Commonwealth v. Dickerson,* 406 Pa. 102, 176 A. 2d 421 (1962).

"The proper test to be applied by a trial court in determining the admissibility of photographs in homicide cases is whether or not the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." *Commonwealth v. Powell,* 428 Pa. 275, 278-79, 241 A. 2d 119, 121 (1968). Such photographs will not be excluded merely because they are horrid or gruesome, *Commonwealth v. Snyder,* 408 Pa. 253, 257, 182 A. 2d 495, 496 (1962), but the more inflammatory the photograph the greater the need to establish the essential evidentiary value.

Never before have we been faced with the admission of so many slides, unquestionably repetitive, and viewed for so long a period of time.[2] In support of its claim

---

[2] *Commonwealth v. Ross,* 452 Pa. 500, 307 A. 2d 898 (1973); *Commonwealth v. Sullivan,* 450 Pa. 273, 299 A. 2d 608 (1973); and *Commonwealth v. Robinson,* 433 Pa. 88, 249 A. 2d 536 (1969); in-

of evidentiary value, the Commonwealth's only contention is that the photographs were necessary "to aid the pathologist in explaining to the jury the wounds which were suffered by the decedent . . . and the injuries which resulted in her death.[3] The Commonwealth cites *Commonwealth v. Collins,* 440 Pa. 368, 269 A. 2d 882 (1970) where we refused to reverse the judgment on the basis of the admission into evidence of a color slide depicting the decedent's head injuries. *Collins* is clearly distinguishable from the instant appeal in that *Collins* involved only a single slide which was "as noninflammatory as possible because all excess blood had been removed from the decedent's face before the photograph was taken, so this is not a case where some less inflammatory version of the slide could have been utilized." *Commonwealth v. Collins, supra* at 371, 269

---

volved the admission of only a few black and white photographs. In *Commonwealth v. Claitt,* 454 Pa. 313, 311 A. 2d 922 (1973) ; *Commonwealth v. Ford,* 451 Pa. 81, 301 A. 2d 856 (1973) ; and *Commonwealth v. Biebighauser,* 450 Pa. 336, 300 A. 2d 70 (1973) the photographs were found not inflammatory in *Claitt,* few in number in *Ford* and beneficial to the defendant's theory of the case in *Biebighauser* and therefore, non-prejudicial. *Commonwealth v. Wilson,* 431 Pa. 21, 244 A. 2d 734 (1968) ; *Commonwealth v. Smalls,* 449 Pa. 15, 295 A. 2d 298 (1972) and *Commonwealth v. DuVal,* 453 Pa. 205, 307 A. 2d 229 (1973) involved the admission into evidence of color slides. Although, in each case no abuse of discretion was found the cases are clearly distinguishable in that in each the slides were few in number; in *Smalls* they were essential to contradict defendant's version of the occurrence, accord *Commonwealth v. Dickerson,* 406 Pa. 102, 176 A. 2d 421 (1962) ; in *Wilson* the trial judge carefully deleted any gruesome or repetitive slides leaving the total viewed at three; and in *DuVal* also, only three of fifteen photographs were actually admitted and they were not particularly bloody or gruesome. We note that although *Commonwealth v. Sullivan,* 446 Pa. 419, 286 A. 2d 898 (1971) involved 40 color slides, the judgment was affirmed per curiam by an equally divided Court.

[3] The Commonwealth does not contend that the slides were necessary to allow the jury to draw the inference of specific intent necessary for first degree murder from the use of a deadly weapon on a vital part of the body.

A. 2d at 884. Here no effort was made to limit the slides to those reasonably necessary to aid the pathologist's testimony, see *Commonwealth v. Wilson,* note 2, *supra,* or to those in which the excess blood had been removed. There was certainly no need for *three* pictures of the heart removed from the body; nor was there any evidentiary purpose whatsoever in introducing slides of the nude torso, arm, and back with excess blood plainly visible where these same slides, but without blood, were available and were indeed introduced.

While we do not condemn the use of photographs to aid the fact-finder in understanding a witness' testimony, *Commonwealth v. Snyder, supra* at 256, 182 A. 2d at 496, they should not be resorted to where the witness can clearly convey the facts to the jury without their use. These slides were simply cumulative to the pathologist's testimony as to the cause, position, number, and severity of the wounds. In *Powell* we said "assuming [the relevance of the photographs] with respect to appellant's intent to commit grievous bodily harm, nowhere is it illustrated to our satisfaction that the pathologist could not have adequately and effectively testified without the use of these photographs." *Commonwealth v. Powell, supra* at 279, 241 A. 2d at 121.

In addition, the defense did not vigorously contest the testimony as to the nature of the wounds, the cause of death, or that a deadly weapon was used on a vital part of the body. See *Commonwealth v. Woods, supra* at 255, 311 A. 2d at 584 where we said: "Even assuming the relevancy of these photographs, . . . appellant did not . . . deny the act of . . . burning his wife's body . . . and allowing the photographs of the incinerated body to go to the jury could only have served to inflame their minds and prejudice them against him." Compare, *Commonwealth v. Smalls,* note 2 *supra,* and *Commonwealth v. Dickerson,* note 2, *supra.* Thus, under the

384

*Powell* test, we find that the trial judge in the circumstances of this case abused his discretion in admitting into evidence the fourteen slides where their minimal evidentiary value was clearly outweighed by the likelihood of inflaming the minds and passions of the jurors, and the resultant prejudice entitles appellant to a new trial.[4] *Commonwealth v. Woods, supra; Commonwealth v. Eckhart,* 430 Pa. 311, 242 A. 2d 271 (1968) ; *Commonwealth v. Powell, supra.*

Judgment of sentence reversed and a new trial ordered.

Mr. Justice POMEROY concurs in the result.

---

[4] Although this argument was not addressed in the Commonwealth's brief, we further find that the presence of cautionary instructions, relevant to the question of resulting prejudice, does not cure the error here. *Commonwealth v. Powell, supra;* cf. *Commonwealth v. Biebighauser,* note 2 *supra* at n. 4.