383 A.2d 912

## COMMONWEALTH of Pennsylvania

v.

## Frances Elizabeth NORRIS, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 13, 1978.

Decided March 23, 1978.

240

Charles Wharton Smith, Norristown, for appellant.

William T. Nicholas, Dist. Atty., Ross Weiss, First Asst. Dist. Atty., Eric J. Cox, Asst. Dist. Atty., Bert M. Goodman, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted of voluntary manslaughter on October 23, 1975.  On appeal, appellant asserts the following allegations of error:

    ■ 1.  The evidence was insufficient to support the verdict.

    ■ 2.  The prosecutor at trial made certain improper and prejudicial remarks to the jury in his closing argument.

■ 3. The trial judge abused his discretion in receiving into evidence certain photographs depicting the victim at the scene of the crime and in allowing testimony describing the scene and the victim.

■ 4. The trial judge improperly sustained objections to questioning by defense counsel of certain witnesses regarding their states of mind at the time of the homicide.

■ 5. The trial judge erroneously informed the jury of the possibility of overnight sequestration, thereby coercing the jury into a hasty verdict.

■ 6. The trial judge erroneously denied defendant certain requested points for charge.

Having found no merit in any of appellant's contentions which have been properly preserved, we affirm the judgment of sentence.

ROBERTS and MANDERINO, JJ., have each filed dissenting opinions.

ROBERTS, Justice, dissenting.

The majority holds that the trial court did not err in allowing admission of photographs of the victim's corpse lying near a pool of blood. I dissent.

Whether photographs of a victim are admissible "involves weighing the necessarily inflammatory nature of this evidence against its 'essential evidentiary value.'" *Commonwealth v. Martinez*, 475 Pa. 331, 336, 380 A.2d 747, 750 (1977) (plurality opinion). Weighing these considerations, I find the trial court incorrectly permitted admission of these photos. No dispute existed concerning whether appellant fatally struck the victim. The only question was whether appellant reasonably resorted to deadly force in defending herself. While the pictures may have had some remote bearing on the reasonableness of appellant's apprehension, their inflammatory nature outweighed their probative value, and their admission into evidence was prejudicial, denying appellant a fair trial.

MANDERINO, Justice, dissenting.

I dissent. The majority continues to find no error in the admission into evidence of photographs of a victim's corpse as long as the photographs have the slightest relevance and are not deemed by the trial judge to be inflammatory.

The majority finds that the photographs shown to the jury in this case were not inflammatory because they were in black and white and did not show the area of the wound. They did, however, show the victim lying near a pool of blood. Such photographs cannot help but inflame the passions of the jury. I believe, as I stated in my dissenting opinion in *Commonwealth v. Smith*, 477 Pa. 424, 383 A.2d 1280 (1978) that photographs of a corpse are *per se* inflammatory.

In *Commonwealth v. Scaramuzzino*, 455 Pa. 378, 381, 317 A.2d 225, (1974), we condemned the admission of photographs of the victim's corpse unless they have *essential evidentiary value.* It is clear from an examination of this case that these photographs had no such "essential evidentiary value."

The prosecution presented witnesses who depicted the scene of the crime and testified as to the position of the body. Several persons witnessed the crime, and were able to present sufficient testimony to establish all factors relevant to reconstructing the scene at the time of the crime. The photographs thus could have no evidentiary value and were unnecessary to the jury's resolution of the factual issues.

The only possible relevance of the photographs might be the fact that appellant testified that she feared the deceased was about to assault her with a knife. Although the photographs show the distance between the deceased and appellant and conceivably are probative on the reasonableness of appellant's apprehension, there were several eyewitnesses to the crime, hence the photographs were merely cumulative. Moreover, this tenuous relevancy can hardly be called "essential evidentiary value" so as to clearly outweigh the likelihood that the photographs would inflame the jury.

I would therefore find that the trial court abused its discretion in admitting the photographs, and would reverse the judgment and grant a new trial.