388 A.2d 1034

**COMMONWEALTH of Pennsylvania**

v.

**Louis Cecil SCHROTH.**

Supreme Court of Pennsylvania.

Submitted May 22, 1978.

Decided July 14, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

Louis Cecil Schroth, appellant, was found guilty of murder in the first degree in connection with the strangulation death of Linda Lugar, and was sentenced immediately to life imprisonment. No post-trial motions were filed in the trial court, but a direct appeal from judgment of sentence was filed in this Court. We remanded the case to the trial court for a hearing to determine if Schroth's decision not to file post-trial motions was knowing and intelligent. *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974).

Thereafter, the trial court permitted appellant the right to file post-verdict motions. Post-verdict motions were filed and after consideration denied. No appeal was taken from the order denying those motions. Subsequently appellant filed a Post-Conviction Hearing petition with the court of common pleas alleging inter alia, that he had been denied his right to a direct appeal. The Post-Conviction Court granted appellant the right to file a direct appeal nunc pro tunc and denied the other grounds asserted.[1]

In this direct appeal appellant relies upon two assignments of error. First, it is contended that the trial court abused its discretion in admitting into evidence, over timely objection, a photograph of the nude body of the deceased victim. It is argued that the "essential evidentiary value" of this exhibit was outweighed by its inflammatory nature.

We have consistently held that the question of admissibility of photographs of a corpse in homicide cases is a matter within the discretion of the trial judge, and only an abuse of that discretion will constitute reversible error. *Commonwealth v. Woods*, 454 Pa. 250, 311 A.2d 582 (1973); *Commonwealth v. Sullivan*, 446 Pa. 419, 286 A.2d 898 (1971) (opinion in support of order); *Commonwealth v. Chasten*, 443 Pa. 29, 275 A.2d 305 (1971); *Commonwealth v. Robinson*, 433 Pa. 88, 249 A.2d 536 (1969); *Commonwealth v. Powell*, 428 Pa. 275, 241 A.2d 119 (1968); *Commonwealth v. Novak*, 395 Pa. 199, 150 A.2d 102 (1959); *Commonwealth v. Peyton*, 360 Pa. 441, 62 A.2d 37 (1948). When the trial judge is confronted with gruesome or potentially inflammatory photographs, the test for determining their admissibility which he must apply is 'whether or not the photographs are of such essential evidentiary

1. Appellant filed an appeal to this Court from the denial of the other grounds asserted for post-conviction relief. That appeal was docketed at No. 76 May Term, 1977. A motion to quash has been filed by the Commonwealth alleging that the issues raised therein are the same as those raised in this direct appeal. Appellant accepts this allegation and we therefore grant the motion to quash that appeal.

value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors.' *Commonwealth v. Powell, supra*, 428 Pa. at 278–279, 241 A.2d at 121; *Commonwealth v. Peyton, supra*, 360 Pa. at 450, 62 A.2d at 41. A photograph which is not deemed to be inflammatory, however, may be admitted so long as it has relevance and can assist the jury's understanding of the facts of the case before it. *Commonwealth v. Claitt*, 454 Pa. 313, 311 A.2d 922 (1973); *Commonwealth v. Smalls*, 449 Pa. 15, 295 A.2d 298 (1972); *Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972)."

*Com. v. Petrakovich*, 459 Pa. 511, 521, 329 A.2d 844, 849 (1974).

Normally the general rule is that testimony is admissible if it is relevant and competent. This basic rule is equally applicable to the admission of photographs or other types of demonstrative evidence. *Com. v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972). However, where the photograph possesses gruesome or inflammatory qualities likely to inflame the passions of the viewer, our cases require the application of the "essential evidentiary value" balancing test. *Com. v. Petrakovich, supra; Com. v. Scaramuzzino*, 455 Pa. 378, 317 A.2d 225 (1974); *Com. v. Powell*, 428 Pa. 275, 241 A.2d 119 (1968). The rationale for the additional requirement where the exhibit possesses inflammatory potential is that a fair trial demands the exclusion of this possible source of prejudice, even though the testimony is otherwise relevant and competent, unless that evidence is essential to the proof of the prosecution's case. *Com. v. Powell, supra*. Thus a photograph will not be excluded merely because of its horrid or gruesome qualities, *Com. v. Snyder*, 408 Pa. 253, 257, 182 A.2d 495, 496 (1962) but rather the more inflammatory the photograph the greater the essential evidentiary value which must be demonstrated. *Commonwealth v. Scaramuzzino, supra*.

While there has been some difference of opinion among the members of this Court, the majority has declined to accept the view that a photograph of the deceased in a homicide prosecution is per se potentially inflammatory.

490

"A photograph of a corpse is not inflammatory per se. *Com. v. Collins,* 440 Pa. 368, 269 A.2d 882 (1970). As the opinion in *Collins* suggests, it is generally the manner in which a corpse is displayed that causes photographs to be emotionally charged."
(footnote omitted). *Com. v. Petrakovich, supra,* 459 Pa. at 522, 329 A.2d at 849.

In the present instance we do not believe that the complained of exhibit possessed the gruesome or inflammatory qualities which would invoke the need for the application of the "essential evidentiary value" test. The single photograph in question was a depiction of the nude body of the deceased as it appeared when found by the police. The picture showed the back of the victim as she lay face down on the floor. The face was not in view and no signs of blood or wounds were visible. The picture was in black and white and not color. From an examination of the photograph it was not evident that the subject therein was in fact dead. Since the exhibit was clearly relevant to the inquiry, its admission into evidence was not an abuse of discretion.[2] *Com. v. Woods,* 454 Pa. 250, 311 A.2d 582 (1973); *Com. v. Chasten,* 443 Pa. 29, 275 A.2d 305 (1971); *Com. v. Robinson,* 433 Pa. 88, 249 A.2d 536 (1969); *Com. v. Peyton,* 360 Pa. 441, 62 A.2d 37 (1948).

The second assignment of error relates to the admission of a schematic diagram of the crime scene. The objection to this exhibit centered upon the designation thereon of a certain stained area as being a "blood stain." Appellant argued that the maker of the drawing did not possess the scientific foundation to substantiate the conclusion that the stain in question was in fact a blood stain. A timely objection was made to this portion of the diagram and it was agreed between the defense and the Commonwealth that the word "blood" would be deleted. Apparently through inad-

2. Appellant also complains that the trial court improperly allowed this exhibit to go out with the jury during their deliberations. Since we find this evidence to be competent, relevant and non-inflammatory, we conclude that this complaint is also without merit.

vertence this was not done and the exhibit was viewed by the jury with the words "blood stain" appearing thereon.

The diagram of the room in which the body was found had been prepared by a police officer from measurements and notations made at the scene. The area indicating the presence of a blood stain was on the bed alongside of which the body was found. On cross-examination the witness testified that the stain had not been subjected to chemical analysis but was moist and appeared to him to be blood. Trial counsel requested that the legend indicating blood be deleted and the Commonwealth consented to this request. As noted previously for some unexplained reason the eradication of the word "blood" was not accomplished. When the drawing was displayed to the jury the trial judge instructed the jury to disregard the opinion that the stain was a "blood stain."

> THE COURT: We would point out to the jury in the event the lettering on the drawing is visible to you from where you are seated that the area marked bloodstain should be disregarded by you. The officer has just testified—the officer who made the drawing—that he has no knowledge as to, whether or not it was, in fact, a bloodstain or whether or not the stain seemed to be of some other composition . . . ."

In response, the Commonwealth argues that it was not required to agree to the deletion because a lay witness may testify that a certain stain appeared to have been caused by drying blood. *McLain v. Commonwealth*, 99 Pa. 86 (1881); *Commonwealth v. Gibbons and Rosenberry*, 3 Pa.Super.Ct. 408 (1897). Text writers have suggested that it is appropriate to make a distinction between a conclusion which is cast in the form of an appearance and one that represents a positive statement of fact.

> "A lay witness may testify that a certain stain on clothing or on some other thing appeared to be a blood stain. Although the witness need not possess expertise on the subject, his testimony is ordinarily cast in the form of appearances; only the expert is allowed to testify positively that the stain in question is blood." (footnotes omitted).

Wharton's Criminal Evidence, 13th Ed., Section 612. While the label on the diagram standing alone would at first blush appear to be an assertion of a positive statement of fact, nevertheless when that evidence is coupled with the testimony of the witness who prepared the diagram it was obvious that the combined effect was to suggest to the jury that the stain appeared to the witness to be a blood stain. This testimony was further placed in focus by the prompt curative instructions given by the court. Under these circumstances, we agree that the evidence was admissible and could have properly been introduced during trial.

 Furthermore, we are satisfied that the fact the Commonwealth did agree to exclude this evidence does not change the result. There is no indication on this record that the failure to delete the word blood was in any way caused by deliberate action on the part of the Commonwealth. To the contrary, it appears that it was as a result of the inadvertence of the court, prosecution and defense counsel. Given such a situation we find no justification for suggesting that the Commonwealth must suffer the sole brunt of the error. Also, appellant was not in any way prejudiced by this testimony.

Judgment of sentence affirmed.

ROBERTS, MANDERINO and LARSEN, JJ., concur in the result.