412 A.2d 599

**COMMONWEALTH of Pennsylvania**

v.

**Freddy BUTLER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 24, 1979.

Filed Oct. 19, 1979.

Petition for Allowance of Appeal Denied March 12, 1980.

110

Arthur J. King, Assistant Public Defender, Chief, Appeals Division, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

PER CURIAM:

On February 19, 1969, a jury found appellant guilty of murder in the first degree, for which he received a sentence

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania are sitting by designation.

of life imprisonment. On direct appeal from the judgment of sentence, the Supreme Court of Pennsylvania affirmed the judgment of sentence on May 25, 1972. See *Com. v. Butler*, 448 Pa. 128, 291 A.2d 89 (1972). Appellant has now filed a Petition under the Post Conviction Hearing Act. He was afforded a hearing thereon by the trial court, following which his petition was dismissed by Order dated December 30, 1977. This appeal was taken therefrom.

On March 11, 1968, 72 year old Concenzio Cane, while walking to a hospital to visit a sick friend, was set upon by four men, and was stabbed a number of times in the abdomen and back. He died a short time later as a result of the stabbings. Appellant was one of those who were arrested, tried and convicted of the murder.

Appellant now contends that his trial attorneys were ineffective in their representation of him on the direct appeal in that they

1. failed to raise the propriety of the identification of the victim by his widow from a morgue photograph;

2. failed to object to a portion of the prosecutor's closing argument, which it is contended constituted prosecutorial misconduct; and

3. failed to appeal the trial judge's ruling that the prosecutor was not required to move a box of items located near his counsel table to a different location.

At the P.C.H.A. hearing, Thomas E. Waters, Jr., Esquire, one of two court appointed counsel for the appellant in his trial and direct appeal, testified that the decision to raise only certain matters on appeal was a tactical one; that the three items above enumerated had been raised on post trial motions, but were not reargued at the appellate level because they were matters resting within the sound discretion of the trial court; that the counsel strategy, on direct appeal, was to pursue those issues which, in their judgment, were most likely to warrant reversal; that it was not feasible nor reasonable to pursue, on direct appeal, all twenty-eight points raised in post trial motions; and that, in

counsel's judgment, these three points were far less meritorious than the ones that were actively pursued. Appellant's other trial and direct appeal counsel, Horace A. Davenport, Esquire (now a judge of the Court of Common Pleas of Montgomery County) was present at the P.C.H.A. hearing but was not called to testify.

■ Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course of conduct chosen had some reasonable basis designed to effectuate client's interest. See *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). We believe counsel's explanation is sufficient to meet this test. Nevertheless, we will address ourselves to the three items about which complaint is now made.

■ Admission of a photograph is always within the sound discretion of the trial judge. Trial counsel did object to the admission of the photograph of the victim lying on a morgue slab, but such objection was overruled. Counsel's specific explanation for his abandonment of this matter on direct appeal was that he did not regard it as genuinely meritorious because (1) the prosecutor stated that the purpose of showing the photograph to the widow was to identify the victim; (2) the prosecutor covered up the wounds on the victim's body to minimize the impact of the photograph on the widow; and (3) the photograph had another basis for admission, viz. to illustrate the infliction of stab wounds upon vital areas of the body. This latter basis would afford probative value with regard to the requisite intent for murder in the first degree. A photograph of the victim's body has been held admissible for the purpose of showing the use of a deadly weapon on a vital part of the body for the purpose of giving rise to an inference of an intent to kill. See *Com. v. Ford*, 451 Pa. 81, 301 A.2d 856 (1973). It has frequently been held that the decision to admit into evidence a photograph of a body will not be reversed unless there has been a flagrant abuse of discretion. See *Com. v. Powell*, 428 Pa. 275, 241 A.2d 119 (1968). Therefore, we conclude that appellate counsel was not ineffective in this regard.

 The comments made by the prosecutor in his summation about which appellant now complains are as follows: "You are not the only ones in this Court room to have functions. Judge Smillie has a function. He is, so to speak, the referee of this trial. It is his duty to make sure that the trial is conducted properly. It is also his duty when the trial is over to instruct you in law. Mr. Waters and Mr. Davenport have a function. They represent a client, Freddy Butler. It is their duty to represent him in the best possible manner, to give him the best possible defense, to protect his interest in the best possible way. I too have a client. I too have a duty to serve that client. You probably noticed or might have noticed intermittingly throughout this trial an empty chair next to mine. In that chair sits my client. You can't see him because he is dead, because his name is Concenzio Cane. He is my client because he is a citizen of the Commonwealth of Pennsylvania, and my client, the Commonwealth, has an interest in this case, and it is my duty to protect that interest in the best possible way. Its interest can be simply stated, that it has the right to insist that its citizens can walk the streets of the Commonwealth of Pennsylvania and not be murdered. If one of their citizens is murdered while walking the streets, then its interest lies in finding out who committed that murder and prosecuting and having them punished. I tell you this because I have no personal interest in this case. I am an attorney for the Commonwealth and it is my duty to prosecute it, and I do so willingly."

We find no ineffectiveness flowing from trial counsel's failure to interpose an objection thereto, because we see nothing improper in the foregoing remarks. Prosecutorial misconduct, in this regard, can only be found when the remarks are of such a degree that they result in a fixed bias or hostility against the defendant in the minds of the jurors so as to render them incapable of rendering a fair and impartial verdict. See *Com. v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976).

The third, and final, complaint by appellant is so utterly lacking in merit, that it needs no citation of authority for its dismissal. An appellate court can hardly be called upon to review the physical facilities at trial, nor the logistics pursued at time of trial.

Order affirmed.

O'BRIEN, J., concurs in the result.