416 A.2d 1069

**COMMONWEALTH of Pennsylvania**

v.

**Joseph C. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Dec. 19, 1979.

**24**

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PRICE, Judge:

Following a jury trial commenced on March 31, 1978, appellant was convicted[1] of endangering the welfare of a child[2] and recklessly endangering another person.[3] The charges stemmed from an incident where appellant severely beat his son. Post-trial motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to a term of imprisonment of six months less one day. On appeal, appellant's sole contention is that the granting of a new trial is warranted because the trial court committed prejudicial error by admitting into evidence six color photographs depicting injuries and bruises on his son's body. Finding no merit to this contention, we affirm the judgment of sentence.

We note, initially, that it is well settled that admission of photographs in a criminal case is largely within the sound discretion of the trial court, and its rulings will not be overruled on appeal unless there is an abuse of that discretion. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Petrakovich*, 459 Pa. 511, 329 A.2d 844 (1974). The basic rule that evidence is admissible if it is relevant and competent applies equally to the admission of photographs or other types of demonstrative evidence as it does to the admission of the testimony of witnesses. *Commonwealth v. Schroth*, 479 Pa. 485, 388 A.2d 1034 (1978);

1. Appellant was acquitted of a charge of aggravated assault. (18 Pa.C.S. § 2702).

2. 18 Pa.C.S. § 4304.

3. 18 Pa.C.S. § 2705.

*Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1972). This rule is not without its limitations. In situations in which the photographs sought to be admitted are found to be inflammatory, the trial court must apply a balancing test of whether the photographs are of such essential evidentiary value that their need clearly outweighs their likelihood of inflaming the minds and passions of the jurors. *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Hilton*, 461 Pa. 93, 334 A.2d 648 (1975). Although this test traditionally has been applied in homicide cases in which the picture sought to be admitted depicted the corpse of the victim, *see, e.g., Commonwealth v. Rogers*, 485 Pa. 132, 401 A.2d 329 (1979); *Commonwealth v. Woodward, supra*; *Commonwealth v. Batty, supra*; *Commonwealth v. Collins*, 440 Pa. 368, 269 A.2d 882 (1970), we have applied it to cases involving photographs of the bruises of a victim, *see, e.g., Commonwealth v. Haynes*, 245 Pa.Super. 17, 369 A.2d 271 (1976), and to photographs of a crime scene. *See, e.g., Commonwealth v. Miller*, 268 Pa.Super. 123, 407 A.2d 860 (1979).

Reviewing the record in the instant case, we are unable to conclude that the trial court abused its discretion in admitting the challenged photographs into evidence. The court examined the photographs before admitting them and found them to be neither gruesome nor gory.[4] The pictures,

---

4. In admitting the photographs into evidence, the trial court made the following comments:

"In the trial of criminal cases, photographs of a victim are admissible to aid the jury in its understanding of the alleged crime, the kind of crime it was, exactly what caused the victim's injury and what, if any, connection the defendant may have had with it. The test is [as?] announced by the Pennsylvania Supreme Court, as I understand it, is whether or not the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming minds and passions of jurors. The decision is largely within the discretion of the trial court . . .. The harm, if there is any, would come when they are exhibited to the fact finder, the jury in this case. If that is to be done, it would be the Court's instinct on the matter that the jury's view of them should be limited. First of all, I have already examined them and I don't find them to be gruesome or gorey [sic] in the usual sense

depicting injuries on the minor complainant's chest, arms, and back, were then shown to the jury for approximately three minutes; the photographs were not taken into the jury deliberation room, and the court gave a cautionary instruction in its charge to the jury.[5] Although the photographs, no doubt, were somewhat unpleasant to view, we cannot conclude that they were of an inflammatory nature. Indeed, our supreme court has held admissible photographs depicting scenes more severe than that presented herein. *See, e.g., Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978) (color photographs of a deceased infant illustrating the nature and extent of bruises and contusions he had received). Moreover, the photographs constituted evidence relevant to the Commonwealth's case and were necessary to prove the nature and extent of the injuries that the child received. Finally, the trial court took appropriate measures to insure that no prejudice would result from their admission. Viewed in this light, we conclude that the court of

that we use those terms in dealing with photographs in a criminal case . . . . [B]ecause of the nature of the case and the difficulty of portraying sufficiently the nature of the injury, the Court thinks it is unavoidable that the jury see them if the Commonwealth intends to exhibit them. I would caution, however, that the jury's view of them be limited in time." (N.T. 117–19).

5. The court gave the following cautionary instruction:
   "Perhaps it would be appropriate to say another word or two about the photographs which were exhibited to you during the course of the trial. The ones having to do with this case in depicting the body of Joseph Brown, Jr. and depending upon the person who views them I guess may or may not have been pleasant to look upon. There may have been an aura of drama to them perhaps for some of you and if there were [sic], you should disregard it. You should disregard any inflammatory or prejudicial influence that you may feel as a result of having viewed these pictures. They were presented solely and exclusively for the purpose of helping to convey to you or to depict for you the information which they contain and also add to the accuracy of the circumstances in the details that are depicted therein and that were testified to. I caution you that you should keep your minds clear of any emotional feeling that might arise from seeing things which may have seemed unpleasant to you in those pictures because your duty is to decide the facts and the issues in the case dispassionately and without the influence of any emotion such as might have been evoked by those photographs." (N.T. 171–72).

common pleas did not err in admitting these photographs into evidence.

Accordingly, judgment of sentence is affirmed.