## Commonwealth v. Campbell

*Bryan E. Chudzik, assistant district attorney,* for the commonwealth.
*Ross McKeirnan,* for defendants.

WOLFE, *P.J.,* March 16, 1989 — Defendants were jury-convicted of section 4304 of the Pennsylvania Crimes Code, "Endangering the Welfare of Children." Specifically, defendants were charged:

"[T]hat they did, on or about July 4 through July 11, 1988, at 12 Madison Avenue in Warren Borough, being the parents of Stephanie Campbell, a child under 18 years of age, knowingly endanger the welfare of the child by violating a duty of care, protection, or support in that they did nothing to prevent Stephanie from having sexual intercourse with Chad Denardi, 18 years of age, on three occasions, resulting in her becoming pregnant."

Defendants have filed timely post-trial motions for new trial or arrest of judgment. Arguments have

been held on the motions, and counsel have filed their respective briefs.

Factually, during July 1988 Stephanie, then 13 years of age, resided with her parents, defendants herein, at their home across the street from the Children's Home under the supervision of the Department of Welfare. Stephanie and Chad Denardi, then 18 years of age, became acquainted and with the permission of defendants Chad was permitted to be in defendant's home from time to time while defendants were present. At the trial Stephanie testified that unknown to her parents she and Chad had sexual intercourse in her upstairs bedroom six times, and Chad testified they entered sexual relations three times. There was no other testimony except that of Dr. McGeary, who stated he administered a pregnancy test to Stephanie July 7, 1988, which was negative, and second on August 2, 1988, which was positive. He testified he advised defendant/mother he did not like to administer birth control pills to a 13-year-old because of the risks involved, but a pregnancy was not very healthy at this age due to complications of obstetrical procedure, which are much increased on average in women under the age of 15. These complications involve abrupt labor and prolonged labor, as the pelvises of women younger than 15 are smaller and thus, they have more problems with delivery, and there is a higher statistical evidence of toxemia in pregnancy; and infants born to adolescents have a higher statistical rate of Sudden Infant Death.

Finally, Denardi was charged with three counts of statutory rape but negotiated an agreement with the commonwealth that if he testified favorably and

truthfully for the commonwealth, he would be scheduled for Accelerated Rehabilitation Disposition on those charges.*

On the basis of the foregoing record, defendants argue there is insufficient evidence to sustain a verdict of guilt beyond a reasonable doubt defendants in fact endangered the welfare of their daughter, Stephanie.

The commonwealth relies upon four cases which we will discuss. First, *Commonwealth v. Mack,* 467 Pa. 613, 359 A.2d 770 (1976), where the court held section 4304 of the Crimes Code is not unconstitutionally vague in its definition of what factually is conduct sufficient to endanger the welfare of children. The court relied upon *Commonwealth v. Randall,* 183 Pa. Super. 603, 133 A.2d 276 (1957) wherein the court stated:

"The common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it." *Randall, supra.*

In *Commonwealth v. Mack, supra,* the case does not spell out the facts of the indictment that brought the charge upon defendant.

Next, the commonwealth cites *Commonwealth v. Marlin,* 452 Pa. 380, 305 A.2d 14 (1973). There, defendant harbored a juvenile female who absconded from a juvenile detention center and had sexual relations with her and served her beer. Defendant was found guilty of corrupting the morals of a minor by contributing to her delinquency. Charges of assault and battery and assault and

*He did so testify and was subsequently placed in the program.

battery with intent to ravish and rape were dismissed. The jury found defendant not guilty of fornication and furnishing liquor and brewed beverages to a minor.

We do not find *Commonwealth v. Marlin, supra,* to be applicable in the instant case for obvious reasons in that the charge is not the same, nor the conduct of defendants in the instant case in that clearly the conduct of defendant in *Marlin, supra,* was affirmative whereas instantly defendants' conduct at best shows a passive act, if they had indeed any knowledge of their daughter's activity. The court did observe that the real question was whether defendants' action, or inaction, knowing the child was a ward of the juvenile court and had run away, was sufficient to convict them of the offense charged.

Next, the commonwealth cites *Commonwealth v. Cardwell,* 357 Pa. Super. 38, 515 A.2d 311 (1986). There, defendant/mother was charged with endangering the welfare of her child in that she allegedly did not take sufficient steps to protect the child from another's severe abuse. The evidence showed the female child was subjected for a period of four years to sexual abuse from her stepfather, commencing when she was about 11 years of age, and due to intercourse the child became pregnant twice and both pregnancies were aborted. Additionally, the stepfather over the four-year period had bought sexually stimulating clothing for the victim and took repeated photographs of her in the clothing, as well as nude. The court discussed the application of section 4303 to parental duty, and the definition of culpability under 18 Pa.C.S. §302(d) which provides, in relevant part:

"(2) A person acts knowingly with respect to a material element of an offense when:

"(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

"(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct caused such a result."

The court observed, "We interpret 'nature of his conduct' to mean overall conduct, including omissions to act as well as acts. If a violation of a duty of care can include an omission, then, a person can act 'knowingly' in omitting to act with respect to that duty." *Cardwell, supra.*

The court held:

"There is sufficient evidence to prove the intent of the offense of endangering the welfare of a child under section 4304 when the accused is aware of his or her duty to protect the child; is aware the child is in circumstances that threaten the child's physical or psychological welfare; and has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to be effective to protect the child's physical or psychological welfare." *Cardwell, supra.*

The court found there was sufficient evidence the defendant/mother had actual knowledge her daughter was being sexually abused by her husband to the date the daughter ran away from the home to escape the intolerable situation. The court found the mother acted insufficiently over a long period of time in failure to protect her child from this conduct.

Finally is *Commonwealth v. Taylor*, 324 Pa. Super. 420, 471 A.2d 1228 (1984). There, defendant abused two teenage females, one being his daughter, in a motel room while he was intoxicated, by choking them, throwing them upon the bed, grabbing at their private parts, exhibiting his genitals, removing from

his pocket a packet of condoms, and telling his daughter that he could prevent her pregnancy by using one. The court discussed various cases that the court found were sufficient evidence to sustain a conviction under section 4304. The court observed the statute was drawn to cover a wide range of conduct in order to safeguard the welfare and security of children. "It is to be given meaning by reference to the common sense of the community and the broad protective purposes for which it was enacted." *Commonwealth v. Mack, supra.* "Thus, the common sense of the community, as well as the sense of decency, propriety and morality which most people entertain is sufficient to apply this statute to each particular case, and to individuate what particular conduct is rendered criminal by it."

The court likewise relied upon *Commonwealth v. Morrison*, 265 Pa. Super. 363, 401 A.2d 1348 (1979) wherein a parent failed to take her child to a doctor for a two-month period while burns on the child's penis did not heal, causing it to become infected and where lack of treatment rendered loss of the organ a possibility. So, too, in *Commonwealth v. Humphreys*, 267 Pa. Super. 318, 406 A.2d 1060 (1979) a battered child was found lying dead on the floor of an unlighted and uncarpeted locked bedroom. The boy's demise was caused by his illness, and his mother had refused to take him to the hospital for fear the welfare agency would discover the boy's bruises. In *Commonwealth v. Moore,* 261 Pa. Super. 92, 395 A.2d 1328 (1978) the evidence was found sufficient for conviction under section 4304 when a 265-pound father had beaten a 7-year-old child with a paddle stick until the child fell to the floor and could not stand. Likewise in *Commonwealth v. Brown,* 273 Pa. Super. 22, 416 A.2d 1069 (1979) a violation of sec-

tion 4304 was sufficient from a single incident when the father severely beat his son.

In *Commonwealth v. Grassmyer*, 266 Pa. Super. 11, 402 A.2d 1052 (1979), the charges of endangering the welfare of children was found sufficient when defendant sexually attacked a five-year-old girl left in his custody.

The culpability of the cases, *supra*, is found in the intent of defendant to endanger the welfare of the child affirmatively, or, in the alternative, failure to protect the welfare of the child under all of the circumstances, resulting in physical danger, injury or turpitude to the child.

Instantly, defendants challenge the sufficiency of the evidence presented in this case to show they had any knowledge their daughter was engaged in sexual intercourse, and, if, to the contrary, the medical evidence is woefully lacking to show the pregnancy has caused or will cause any injury to defendants' child. Indeed, at time of trial defendants' daughter's pregnancy was ongoing and there was no evidence or testimony to support any complications thereof.

Reviewing the facts in the light most favorable to the commonwealth, we cannot conclude this evidence will support a verdict of guilt beyond a reasonable doubt defendants endangered the welfare of their daughter. Indeed, the doctor's advice to the parent was a suggestion of use of contraceptives. There is no concrete evidence to conclude the "victim" is or was injured in any degree. Indeed, the doctor's testimony is not conclusive, nor could it be, in that he has made no physical examination of Stephanie. The verdict as returned must rest therefore on a potential possibility of injury in the future that may never occur.

Finally, if the evidence here is sufficient in

whether to sustain a verdict of guilty beyond a reasonable doubt, all parents permitting the dating of their daughters and the use of the family car are in jeopardy.

For these reasons we enter the following

## ORDER

And now, March 16, 1989, the motion for judgment non obstante veredicto is granted.