Commonwealth *v.* Cupps, Appellant.

Argued April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

342

*Louis Vaira,* with him *Esler W. Hays,* for appellant.

*Louis L. Kaufman,* Assistant District Attorney, with him *Russell H. Adams,* District Attorney, for appellee.

OPINION BY RENO, J., July 19, 1945:

Appellant was convicted of indecent assault upon a seven-year old girl. His appeal does not challenge the sufficiency of the evidence to sustain the conviction. The sole question for decision is whether the trial court committed harmful error by permitting the girl's mother to testify to the details of the child's complaint.

Appellant called at the mother's home to collect a bill. She was at a nearby neighbor's house, and two girl companions, who were on the front porch with the girl victim, left to summon the mother. In their absence the attack took place. The mother arrived home within five minutes after the assault. After appellant stated the purpose of his call to the mother, he left; the two girls, who had returned with the mother, departed at the same time; and immediately thereafter the girl told her mother what had occurred.

The girl was permitted to testify, the trial court having found her a "very intelligent" child, who understood the sanctity of an oath. The mother testified to the details of the occurrence as the child had recounted them to her, and the trial judge reports that "the details of her complaint were in accordance with the testimony given by the child at the time of trial." The court admitted the mother's testimony under the res gestae rule.

Appellant, conceding that the mother's testimony would have been admissible in a prosecution for rape or assault and battery with intent to ravish, argues that

it was not receivable in this case because indecent assault, according to *Com. v. DeGrange,* 97 Pa. Superior Ct. 181, is the taking by a man of indecent liberties with the person of a female without her consent and against her will, but with no intent to commit the crime of rape. We are not called upon to examine the principles and specify the ground upon which the details of a victim's complaint in rape cases are held admissible. See Wigmore on Evidence, §§1134-1139, 1760, 1761. The rule permitting res gestae declarations to be introduced in evidence as an exception to the hearsay rule does not limit such evidence to any particular type of case. They are admissible whenever they are made in circumstances which satisfy the requirements of the rule, regardless of the nature of the case, whether it be civil litigation or a criminal prosecution.

The primary qualification is that the declarations be made under circumstances supporting the conclusion that they were the spontaneous utterance of thought created by, or emanating from, the litigated act, and so soon thereafter as to exclude the possibility that they may be the product of premeditation and design. *Com. v. Werntz,* 161 Pa. 591, 29 A. 272. The declarations are offered for their truth which is best guaranteed when the utterances are made in connection with a startling event by one still laboring under the stress of the nervous excitement produced by it. *Com. v. Gardner,* 282 Pa. 458, 128 A. 87. No fixed time or distance from the event can be established as a rule in determining what is a res gestae utterance. Each case must depend upon its own circumstances. *Com. v. Stallone,* 281 Pa. 41, 126 A. 56. Of course, when they are made after the event in a manner indicating that they are merely a narrative of a past event rather than a spontaneous utterance, they are not admissible. *Com. v. Brown,* 264 Pa. 85, 107 A. 676.

This appeal has been submitted to us under an agreed statement of facts by the district attorney and defend-

ant purusant to our Rule 56. This does not preclude us from examining the original record and the evidence if they are deemed helpful in the decision of the case. *Bryant v. McGowan*, 151 Pa. Superior Ct. 529, 30 A. 2d 667. However, the notes of testimony were never transcribed, and we cannot consult them. The agreed statement does not clearly disclose the mental and physical state of the child at the time when she told her mother of the occurrence. Whether she was then in the throes of nervous agitation produced by the attack, which is an essential requirement of the rule, does not appear. We can well imagine that she would have been, and that under the stress of the excitement she spontaneously uttered the details of her complaint, but the parties should have included in their statement information concerning the evidence upon this vital and important point. In these circumstances, we must assume that the trial court, having expressly admitted the utterance as res gestae, found that it was qualified for admission under all of the requirements of the rule. "There must be some discretion lodged in the trial court in deciding whether such evidence is receivable as part of the res gestae. In determining the admissibility of such unsworn utterances, to a great extent a matter of first impression, considering all phases, much latitude should be given to the discretion of the court below": *Com. v. Gardner*, supra, p. 466. We are satisfied that the trial judge properly exercised the discretion vested in him, and in the absence of the evidential materials with which to erect a contrary conclusion we cannot reverse his ruling.

The ultimate test is whether the res gestae declaration bears the impress of truth. That the girl's testimony and her statement to her mother were not wholly fabricated is best indicated by defendant's own corroborative admission that he had brushed away a large insect which was crawling up the *petticoat* of the young girl.

All assignments of error are overruled; the judgment

is affirmed; and it is ordered that appellant appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence, which had not been served at the time his appeal was made a supersedeas.