456 A.2d 1037

**COMMONWEALTH of Pennsylvania**

v.

**Rudolph BARNES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 1982.

Filed Feb. 18, 1983.

482

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Deborah Fox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

Rudolph Barnes was tried by a judge sitting without a jury and found guilty of robbery,[1] theft by unlawful taking[2] and simple assault.[3] Motions in arrest of judgment and for a new trial were denied, and Barnes was sentenced to a two year term of probation. On direct appeal, appellant challenges (1) the sufficiency of the evidence to sustain the convictions and (2) an evidentiary ruling admitting an extra-judicial statement under the res gestae or excited utterance exception to the hearsay rule. Our review discloses sufficient evidence to sustain the conviction. However, the evidentiary ruling was erroneous; and the conviction, therefore, is reversed and the case remanded for new trial.

▮ The test to be applied in determining the sufficiency of evidence to sustain a conviction is whether, accepting

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 2701.

as true all the evidence and all reasonable inferences arising therefrom upon which, if believed, the trier of fact could properly have based its verdict, it is sufficient to prove beyond a reasonable doubt that the accused is guilty of the crime or crimes with which he has been charged. As with all challenges to the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the verdict winner, in this case the Commonwealth. *Commonwealth v. Waller*, 498 Pa. 33, 42, 444 A.2d 653, 658 (1982); *Commonwealth v. Bellis*, 497 Pa. 323, 330 n. 9, 440 A.2d 1179, 1182 n. 9 (1981); *Commonwealth v. Payne*, 299 Pa.Super. 378, 379, 445 A.2d 804, 804 (1982); *Commonwealth v. Johnson*, 273 Pa.Super. 14, 17, 416 A.2d 1065, 1067 (1979). Moreover, the entire trial record must be evaluated, and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. *Commonwealth v. Waldman*, 484 Pa. 217, 222–23, 398 A.2d 1022, 1025 (1979); *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965); *Commonwealth v. Plusquellic*, 303 Pa.Super. 1, 4, 449 A.2d 47, 49 (1982); *Commonwealth v. Bentley*, 276 Pa.Super. 41, 44, 419 A.2d 85, 86 (1980); *Commonwealth v. Williams*, 273 Pa.Super. 578, 582, 417 A.2d 1200, 1201 (1980).

So viewed, the evidence in this case establishes that appellant entered the apartment of Lemuel Rock in Philadelphia during the early morning hours of June 24, 1980. There, he struck Rock, pushed him to the floor, and threw a sheet over his head before removing $300 from a bureau drawer in Rock's bedroom. Rock died of unrelated causes prior to appellant's trial; and, therefore, the only evidence of these facts was received in the form of an extra-judicial statement made by Rock to Officer Thomas Palmer of the Philadelphia Police Department. On June 24, 1980, pursuant to a call on his police radio, Palmer had proceeded to Rock's apartment at 1926 North 18th Street, where a somewhat agitated Rock told him that appellant had entered his apartment, attacked him and stolen $300.

This evidence was sufficient to sustain a finding that appellant had committed the crimes of robbery, theft by unlawful taking and simple assault. Appellant's motion in arrest of judgment, therefore, was properly denied.

The evidentiary ruling by the trial judge that Rock's extra-judicial statement, although hearsay, was admissible under the res gestae exception to the hearsay exclusion presents a more difficult question and requires a closer examination of the res gestae exception and the evidence received in the instant case.

■ The res gestae exception to the hearsay exclusion has been said to be a dangerous rule which ought not be extended beyond the limits of reasonably immediate spontaneous declarations made in connection with a startling event by one laboring under the stress of nervous excitement caused by it. *Commonwealth v. Noble*, 371 Pa. 138, 144–45, 88 A.2d 760, 763 (1952), citing *Athas v. Fort Pitt Brewing Co.*, 324 Pa. 313, 318, 188 A. 113, 115 (1936) and *Commonwealth v. Gardner*, 282 Pa. 458, 465, 128 A. 87, 90 (1925). Actually, "res gestae" is "a generic term encompassing four discrete exceptions to the hearsay rule: (1) declarations as to present bodily conditions; (2) declarations of present mental states and emotions; (3) excited utterances; and (4) declarations of present sense impressions." *Commonwealth v. Pronkoskie*, 477 Pa. 132, 136–37, 383 A.2d 858, 860 (1978). The statement made by Rock in the instant case was alleged to be an excited utterance.

■ To come within the excited utterance exception, a statement must be:

> " 'a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence in both time and place as

to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.' "

*Commonwealth v. Penn*, 497 Pa. 232, 241, 439 A.2d 1154, 1159, *cert. denied*, 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982), quoting *Commonwealth v. Pronkoskie, supra* 477 Pa. at 137–38, 383 A.2d at 860 and *Allen v. Mack*, 345 Pa. 407, 410, 28 A.2d 783, 784 (1942). See also: *Commonwealth v. Little*, 469 Pa. 83, 87, 364 A.2d 915, 916–17 (1976); *Commonwealth v. Robinson*, 273 Pa.Super. 337, 341, 417 A.2d 677, 679 (1979); *Commonwealth v. Hess*, 270 Pa.Super. 501, 507, 411 A.2d 830, 833 (1979); *Commonwealth v. Summers*, 269 Pa.Super. 437, 442, 410 A.2d 336, 338 (1979); *Commonwealth v. Gore*, 262 Pa.Super. 540, 546–47, 396 A.2d 1302, 1305 (1978).

In the instant case, the only evidence that a startling event had in fact occurred was contained in the statement sought to be admitted as a spontaneous reaction thereto. The extra-judicial statement was the only evidence in the case that Rock had been beaten or that any crime had been committed. There was no independent evidence that a forced entry of Rock's apartment had been made, no independent evidence that Rock had been physically bruised or otherwise injured, no independent evidence that he had $300 in his possession prior to the alleged robbery, and no independent evidence that money in any amount had been stolen. Finally, a search of appellant's apartment, conducted within twenty minutes of the alleged robbery, failed to produce any part of the money alleged to have been stolen.

■ We are thus presented with the troublesome situation in which the excited utterance itself is being used to prove that an exciting event did, in fact, occur. This circuitous reasoning is unacceptable. Where there is no independent evidence that a startling event has occurred, an alleged excited utterance cannot be admitted as an exception to the hearsay rule.

■ This approach has been adopted by appellate courts in other jurisdictions. In *People v. Leonard*, 83 Ill.2d 411,

47 Ill.Dec. 353, 415 N.E.2d 358, *aff'g.* 80 Ill.App.3d 741, 36 Ill.Dec. 148, 400 N.E.2d 568 (1980), the defendant in a murder case challenged admissibility under the excited utterance exception to the hearsay exclusion of a telephone conversation in which the decedent stated "He's [the defendant] got a gun." It was contended by the defendant that there was absolutely no evidence to corroborate the existence of an event sufficiently startling to prompt the statement. The Supreme Court of Illinois agreed that "absent some evidence of the existence of an occurrence sufficiently startling to produce a spontaneous and unreflecting statement, the testimony relating the out-of-court statement should be excluded." *Id.* at 418, 47 Ill.Dec. at 357, 415 N.E.2d at 362. However, the Court found that there had been evidence of a contemporaneous struggle which rendered the statement spontaneous.

A similar principle was announced and followed in *Truck Insurance Exchange v. Michling,* 364 S.W.2d 172 (Tex. 1963), an action to recover workmen's compensation death benefits. The only evidence there offered in support of the claim that the deceased had sustained an accidental injury during employment was an extra-judicial statement made by the decedent to his wife. She testified that her husband had told her that he hit his head on a bulldozer. In discussing the general rules governing the admissibility of hearsay statements as res gestae, the Texas Supreme Court stated:

> The very unusual circumstance in this case is that the hearsay statement of Mrs. Michling is the only evidence of the event which gives rise to the statement. A hearsay statement, as res gestae, is admitted as an exception to the hearsay rule because it is made under circumstances which raise a reasonable presumption that it is the spontaneous utterance of thought created by or springing out of the occurrence itself and, so to speak, becomes a part of the occurrence. But in this case the only evidence of the occurrence is the hearsay statement. Thus the [lower court] is conceding credit to a narrative to prove

the very circumstances from which it is said to derive its credit. Its trustworthiness, as to the happening of an accident, is presumed from the influence of the accident which its trustworthiness is taken to prove. Thus, this proof, to use a trite expression, is attempting to lift itself by its own bootstraps. There is not any independent proof that Hugo Michling suffered any injury at approximately the time and place alleged.

\* \* \* \* \* \*

For declarations to be admissible in evidence as part of the res gestae they must be made in connection with an act proven. In other words there must be evidence of an act itself admissible in the case independently of the declaration that accompanies it.

364 S.W.2d at 174–75. See also: *Hartford Accident and Indemnity Co. v. Hale,* 400 S.W.2d 310 (Tex.1966).

The requirement of independent proof of the exciting occurrence has been noted approvingly by most legal scholars and writers. See: McCormick on Evidence, § 297 (2nd ed.1972); Binder, The Hearsay Handbook, Exception 2 p. 43; 29 Am.Jur.2d, Evidence § 711 ("the principal act must first be established before res gestae statements can be admitted"); 31A C.J.S. Evidence § 404 ("[i]t is proceeding in a circle to use the declarations as proof of facts necessary to constitute the declarations part of the res gestae").

In the case sub judice, there was no independent evidence of a startling event to demonstrate that excitement and stress which were necessary to make Rock's extra-judicial statement admissible as a spontaneous reaction thereto. Consequently, the decedent's extra-judicial statement that he had been robbed and that appellant was the robber should not have been received.

The judgment of sentence is reversed, and the case is remanded for a new trial.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I dissent. The Majority holds that an alleged excited utterance cannot be admitted as an exception to the hearsay rule without independent evidence that a startling event has occurred. Although such a rule exists in a minority of jurisdictions, it is in conflict with my understanding of the law of this Commonwealth.

*McCormick On Evidence*, § 297 (2d ed.1972) merely reflects the majority and minority positions on this issue:

"Under generally prevailing practice, the declaration itself is taken as sufficient proof of the exciting event and therefore the declaration is admissible despite absence of other proof that an exciting event occurred. The Texas courts, however, have recently taken a position that an excited utterance is admissible only if other proof is presented which supports a finding of fact that the exciting event did occur." (Footnotes omitted).

The Majority has decided to follow the leading Texas decision cited by Professor McCormick, *Truck Insurance Exchange v. Michling*, 364 S.W.2d 172 (Tex.1963) while ignoring the generally prevailing practice. In *Truck Insurance Exchange*, a case involving death benefits under Texas workmen's compensation law, the deceased's statement to his wife that he had injured himself at work was the only evidence of the event. The Supreme Court of Texas held that "[T]here must be evidence of an act itself admissible in the case independently of the declaration that accompanies it." 364 S.W.2d at 175. Contra to this holding is *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972) where the Pennsylvania Supreme Court held that a physician can testify to statements relating the cause of an injury even though such statements are not part of the *res gestae* and are the only evidence available to explain the cause of injury. The Court justified this holding because of the circumstantial guarantees of trustworthiness and necessity. The necessity requirement was met since the only witness able to relate the cause of the injury had died, and since the evidence was not available from any other source.

The declaration was considered trustworthy because the statements were made to a physician in order to get treatment under circumstances that cast no suspicion on the genuiness of the utterance. *Id.* at 291 A.2d at 776, 777. The Court carved out this new exception to the hearsay rule since the statements could not be admitted as an excited utterance due to the three day time lapse between the event and the medical examination. In other words, the spontaneity that insures the trustworthiness of a *res gestae* statement was missing.

In the case at hand, Officer Palmer, testified that when he answered Mr. Rock's call to the police, Mr. Rock's demeanor was "upset, loud" (TT p. 14) and "he was cursing" (TT p. 15) Palmer quoted Rock as stating, "That son-of-a-bitch stole some money from me." (TT p. 15) He further testified that the actor lived on the second floor where Palmer, the victim and Palmer's partner immediately proceeded. Palmer testified that Rock told him that the incident occurred about ten or fifteen minutes prior to Palmer's arrival. Rock told Palmer, according to Palmer, that the actor went to Rock's apartment on the third floor, threw a sheet over Rock's head, hit him and threw him to the floor. The actor then took $300 from Rock's bedroom bureau.

Arriving at the second floor apartment, Palmer knocked on the door which was answered by appellant. Thereupon, Palmer said that Rock stated, "There's the son-of-a-bitch right there that took my money." (TT p. 17) Palmer described Rock's demeanor at that time—some two or three minutes after first arriving at the scene—as "mad." (TT p. 19) The litmus test of the admissability of the *res gestae* declaration is whether the impression of truth is borne by it, and the declaration is to be foreclosed from evidence if it is merely a recitation of a past event. *Commonwealth v. Cupps,* 157 Pa.Super. 341, 43 A.2d 545 (1945). On the other hand, it is not rendered inadmissible merely because it was not ejaculatory (*Commonwealth v. Logan,* 361 Pa. 186, 63 A.2d 28 (1949)) or because it was elicited by a question

(*Commonwealth v. Noble*, 371 Pa. 138, 88 A.2d 760 (1952)). An otherwise admissible statement is not disqualified because it contains a conclusion of law. *Commonwealth v. Rogozinski*, 387 Pa. 399, 128 A.2d 28 (1956). Further, a victim's declaration may be used to identify the defendant as the guilty party (*Commonwealth v. Fugmann*, 330 Pa. 4, 198 A. 99 (1938)) a half hour after the event and on the telephone. *Commonwealth v. Goetz*, 129 Pa.Super. 22, 195 A. 144 (1937). The case of *Commonwealth v. Cheeks*, 423 Pa. 67, 223 A.2d 291 (1966), with the cases cited therein is instructive:

"The rule permitting res gestae declarations to be introduced in evidence is an exception to the hearsay rule. The principle is based upon the rationale that a spontaneous declaration of an individual who has recently suffered an overpowering emotional and shocking experience is likely to be truthful. See, 1 Henry, Penna. Evidence, § 466 (1953). Such evidence is limited to declarations supporting the conclusion that the statements were spontaneous utterances of thought created by, or emanating from, the litigated act, and so near in time thereto as to exclude the possibility that they were the product of premeditation or design. See, *Commonwealth v. Noble*, 371 Pa. 138, 88 A.2d 760 (1952); *Commonwealth v. Rumage*, 359 Pa. 483, 59 A.2d 65 (1948); and, *Commonwealth v. Cupps*, 157 Pa.Super. 341, 43 A.2d 545 (1945). No definite time limit, or distance from the site of the crime, has been fixed by the courts in determining what spontaneous utterances are admissible as part of the res gestae. Each case has been judged on its own facts and circumstances: *Commonwealth v. Stokes*, 409 Pa. 268, 186 A.2d 5 (1962), and cases cited therein. The length of time which has elapsed between when the declarations were uttered and when the occurrence took place is only one element to be considered in determining their spontaneity. See *Commonwealth v. Noble*, supra, and *Commonwealth v. Harris*, 351 Pa. 325, 41 A.2d 688 (1945).

In the instant case, the precise time sequence of events is not ascertainable from the record. However, it is clear that the entire series of events took place within forty-five minutes or, at the most, one hour. The attack occurred after eleven p.m. o'clock. The decedent arrived at his sister's home no later than 11:30 p.m. o'clock. Reconstructing the picture, as disclosed by the testimony, the conclusion is inevitable that the statements were spontaneously uttered, were directly related to the event and were not the result of reflection or design. Under these circumstances, their admission in evidence was not error. The fact that the statements were not made *immediately* after the assault is not, in itself, controlling. See, *Commonwealth v. Stokes*, supra, and *Commonwealth v. Harris*, supra. This Court has previously approved the admission in evidence of such declarations when the time period involved was as long or longer than that herein. See, *Commonwealth v. Soudani*, 190 Pa.Super. 628, 155 A.2d 227 (1959), aff'd 398 Pa. 546, 159 A.2d 687 (1960), cert. denied 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960); *Commonwealth v. Stallone*, 281 Pa. 41, 126 A. 56 (1924); and, *Commonwealth v. Werntz*, 161 Pa. 591, 29 A. 272 (1894). See also, *Commonwealth v. Calderbank*, 161 Pa.Super. 492, 55 A.2d 422 (1947)." *See also Commonwealth v. Edwards*, 431 Pa. 44, 244 A.2d 683 (1968).

Applying the foregoing precepts and comparing the facts unique to each of the cited cases with the instant case, it is clear that the trial court did not abuse its discretion in admitting the police officer's testimony as to the victim's declarations. *Commonwealth v. Dessus*, 214 Pa.Super. 347, 257 A.2d 867 (1969).

The Majority relies on *People v. Leonard*, 83 Ill.2d 411, 47 Ill.Dec. 353, 415 N.E.2d 358, *aff'g.* 80 Ill.App.3d 741, 36 Ill.Dec. 148, 400 N.E.2d 568 (1980), where the victim's statement over the phone that, "He's got a gun," was admitted as a spontaneous declaration although made prior to a struggle and shooting. The Illinois Supreme Court

reversed the appellate court which had relied on *Truck Insurance Exchange v. Michling, supra,* distinguishing that case on the facts, but noting agreement with the Texas rule that evidence of the exciting event is necessary before a spontaneous statement can be admitted.

In a case whose facts are strikingly similar to *Leonard,* a plurality of the Pennsylvania Supreme Court in *Commonwealth v. Coleman,* 458 Pa. 112, 326 A.2d 387 (1974), held that the present sense impression exception to the hearsay rule applied to a statement made over the phone by the victim just prior to being stabbed to death. In direct contrast to the dictim in *Leonard* that noted agreement with the rule in *Truck Insurance Exchange, Coleman* cites *Cody v. S.K.F. Industries, Inc., supra.,* in explaining that:

> "The rationale underlying the exclusion of *res gestae* declarations from the hearsay rule is that *the startling event speaks through the verbal acts of the declarant* and vests reliability in an out-of-court statement whose accuracy would otherwise be suspect." (Emphasis added) *Id.* 458 Pa. at 116, 326 A.2d at 389.

"The hearsay rule forbids evidence of out-of-court assertions to prove the facts asserted in them." McCormick § 249. (2d Ed.1972). In Pennsylvania, when the requirements of trustworthiness and necessity are met, as discussed in *Cody,* and, therefore, an exception to the hearsay rule is applicable, the event can be proven by the statement itself.

Nevertheless, the *Cody* court specifically left open the question of whether its holding would apply outside the workmen's compensation area. *Id.* 447 Pa. at 569 n. 4, 291 A.2d at 777 n. 4. It is my opinion that a distinction should be drawn between workmen's compensation cases and criminal cases, and that such a distinction goes to the standard of proof. Namely, the second issue raised by appellant; whether a *res gestae* statement *alone* without corroborating evidence of any kind, constitutes sufficient evidence—albeit competent evidence—to convict beyond a reasonable doubt.

The instant statement, bereft of corroboration, is basically nothing more than what would appear in a criminal information—the *allegata* without the *probata*. Hearsay, even though competent, cannot stand alone unfortified in a criminal law setting. Fairness and justice demand that it be buttressed by additional and corroborative evidence. The Majority holds that the hearsay statement is sufficient and that appellant's motion in arrest of judgment, therefore, was properly denied. Then, of course, the appellant is awarded a new trial since the evidence, although sufficient, should not have been admitted. Rather than derogate a well-settled rule of evidence, I would hold that a *res gestae* statement *per se* as a matter of law is not sufficient evidence on which to convict beyond a reasonable doubt. Judgment of sentence should be vacated and appellant discharged.