J-S28011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JONATHAN MONTE CORNISH, | |
| Appellant | No. 1562 MDA 2014 |

Appeal from the Judgment of Sentence August 21, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001433-2013

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 29, 2015**

Jonathan Monte Cornish appeals from the judgment of sentence of life imprisonment without parole and a concurrent period of incarceration of twenty to forty years imposed by the trial court after a jury found him guilty of first-degree murder in the death of Jose Vasquez and attempted murder based on his attack on the murder victim's brother, William Vasquez.  We affirm.

Both victims in this case were drug addicts who frequently used cocaine and heroin.  Appellant also was a drug user and was temporarily residing with Jose Vasquez, the deceased victim, at the time.  On February 13, 2013, Harrisburg police received a call regarding a male attacking another male with a hammer at 1527 Vernon Street, Harrisburg.  When

police arrived, they found William Vasquez armed with a knife. They ultimately discovered the badly beaten Jose Vasquez, the murder victim, on the second floor of the address. Jose Vasquez had suffered at least five blows to his head with a hammer and his skull was caved in. He also had defensive wounds on his left hand and left knee. Jose Vasquez was still alive when police and emergency medical personnel arrived, but succumbed to his injuries.

Appellant, in an attempt to prevent William Vasquez from entering his brother's second floor bedroom, attacked William with a hammer, striking him in the cheek and chest. William fell down the steps but was able to recover and retrieve a knife from the kitchen. William and Appellant resumed fighting, and one of William's friends intervened. William stabbed Appellant, and he and his friend were able to disarm Appellant and subdue him. William continued to attack Appellant, but relented and went upstairs. At that time, he discovered his brother who was making gurgling sounds and severely injured. William then tried to renew his own attack on Appellant, but was stopped by his friend.

Police charged Appellant with criminal homicide for the killing of Jose Vasquez and with the attempted murder of William Vasquez. A jury found Appellant guilty of the aforementioned offenses. Thereafter, the court imposed a life sentence for the murder and a twenty to forty year period of

incarceration for attempted murder.[1]  This timely appeal ensued.  The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant complied, but the trial court did not author a Rule 1925(a) decision.  Appellant presents two issues for our consideration.

> I.  Whether the trial court erred in denying Appellant's **Batson** challenge where the Commonwealth struck one-hundred percent (100%) of potential jurors who shared Appellant's race?
>
> II.  Whether the trial court erred in denying Appellant's motion to exclude hospital photographs (Commonwealth's Exhibits 10 & 11) of the victim's head injuries?

---

[1]  Attempted murder carries a maximum penalty of twenty years incarceration unless the Commonwealth establishes that serious bodily injury occurred.  18 Pa.C.S. 1102(c).  Since the maximum penalty is increased by this factor, it must be determined beyond a reasonable doubt by the jury.  **See Commonwealth v. Johnson**, 910 A.2d 60 (Pa.Super. 2006).  Appellant was charged in the criminal information with causing serious bodily injury to William Vasquez.  William Vasquez, however, testified that he did not consider his injuries life threatening.  N.T., 11/18-19/14, at 190.  Nonetheless, Appellant has not raised any issue regarding whether William Vasquez suffered serious bodily injury or that the jury was not adequately instructed to find this element.  Although the former issue presents a legality of sentence question, **see id**. at 67, n.7, which can be raised *sua sponte*, since Appellant has not developed the position, we decline to address the matter.  **See Commonwealth v. Briggs**, 12 A.3d 291, 344 (Pa. 2011) (declining to review Eighth Amendment and Article I, § 13 claims due to inadequate briefing); **see also Commonwealth v. Belak**, 825 A.2d 1252, 1256 n.10 (Pa. 2003) (declining to address legality of sentence question where issue was not included in petition for allowance of appeal or original brief).

Appellant's brief at 4.

Appellant initially maintains that the Commonwealth violated ***Batson v. Kentucky***, 476 U.S. 79 (1986), when it struck the alleged sole black juror on the *voir dire* panel without cause. In ***Batson,*** the United States Supreme Court determined that a prosecutor's challenge to a possible juror based solely on his race, where the defendant is of the same race, violates the federal equal protection clause. ***Commonwealth v. Hanible***, 30 A.3d 426, 475 (Pa. 2011). The ***Batson*** Court developed a three-part test for courts to consider in analyzing whether a peremptory challenge was racially discriminatory. First, the defendant must make a *prima facie* showing that there is an inference that the prosecutor struck a juror or jurors based on race. Once that *prima facie* showing occurs, the prosecution then bears the burden of providing a race neutral explanation for the exercise of the strike. Finally, the trial court determines whether the defendant has met his burden of establishing purposeful discrimination.

In order for a court to review a ***Batson*** challenge, our Supreme Court has mandated that the defendant provide the race of all the venire persons in the jury pool; the race of all the remaining jury pool members after challenges for cause; the race of the jurors removed by the prosecution; and the race of the jurors acceptable to the Commonwealth that were stricken by

the defendant. ***Commonwealth v. Spence***, 627 A.2d 1176, 1182-1183 (Pa. 1993).

Appellant argues that when he raised his ***Batson*** challenge, he noted his race and the race of the juror struck. He contends that the prosecutor struck the lone black juror on the panel. Appellant set forth below and on appeal that there were only three additional jurors who were non-Caucasian, two of whom identified as Hispanic, and one who identified herself as "other." According to Appellant, the Commonwealth's race neutral reasons for the strike involved two reasons that do not appear in the record and the final reason was insufficient.

The Commonwealth, during *voir dire*, disputed that there was only one black juror on the panel. The prosecutor also asserted that he knew that the juror had been arrested in 2002 by Harrisburg police for retail theft. He added that the investigating officer had informed him that the juror had rolled her eyes during his *voir dire*. Lastly, the Commonwealth noted that the juror had indicated that her boyfriend lived near the crime scene. On appeal, the Commonwealth contends that Appellant did not establish a *prima facie* claim of racial bias and again suggests that another black juror who was not struck was on the *voir dire* panel. It adds that it provided race neutral reasons for the strike.

Assuming *arguendo* that Appellant adequately developed a *prima facie* claim, we find that the prosecution offered sufficient race neutral reasons for the strike. Specifically, the prosecutor indicated that an investigation division of its office prepares a background on prospective jurors and that report revealed the juror in question had a prior retail theft arrest. The prosecutor also submitted that the juror had rolled her eyes during his questioning. These reasons are sufficient cause to strike a juror. Appellant is entitled to no relief.

Appellant's second issue relates to the admission of post-mortem pictures of the murder victim. The admission of photographs is considered under an abuse of discretion standard. ***Commonwealth v. Mollett***, 5 A.3d 291, 301 (Pa.Super. 2010). In deciding the admissibility of photographs of a murder victim, the court utilizes a two-step paradigm. Initially, the court determines if the photograph is inflammatory. Pictures that are not inflammatory are admissible when relevant. In contrast, inflammatory pictures are only admissible if they "are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." ***Id***. Critically, the ***Mollett*** Court, relying on ***Commonwealth v. Tharp***, 830 A.2d 519, 531 (Pa. 2003), noted that homicide trials are by nature unpleasant and photographs of injuries suffered by a victim are not inadmissible simply because they are disturbing.

Appellant first asserts that the admission of photographs showing the murder victim's head injuries were inflammatory. He highlights that the photographs showed "large gashes in the victim's skull, brain matter, and large amounts of blood." Appellant's brief at 14-15. Appellant continues, arguing that the photographs had "little, if any, evidentiary value[.]" *Id*. at 15. In this regard, he posits that the expert testimony of the forensic pathologist provided a detailed description of the victim's injuries, "including that blood and brain matter were discovered on the walls." *Id*.

Appellant maintains that other photographs of the crime scene, in combination with the expert testimony, were sufficient to establish Appellant's criminal intent. In support, Appellant relies on *Commonwealth v. Powell*, 241 A.2d 119 (Pa. 1968). This Court in *Mollett*, *supra*, at 303, discussed *Powell* as follows.

> [I]n *Powell, supra,* our Supreme Court determined that post-mortem color photographs of the victim who died as a result of injuries sustained to her head were unnecessary to aid the jury in understanding the forensic pathologist's medical testimony. The Court opined, "the nature and extent of the injuries involved had no bearing on a finding of first degree felony murder." *Powell*, *supra* at 121. Furthermore, the Court stated that the court's instruction that the photographs were being introduced for the purpose of aiding the pathologist's medical testimony and not for inflammatory reasons did not remedy the introduction of the photographs.
>
> *Powell* involved a felony murder, which at that time was considered a part of first-degree murder. The victim was killed during the course of a

robbery. Accordingly, the court reasoned that to establish felony murder, the amount of force used and the injuries sustained did not bear on whether the defendant committed felony murder.

The Commonwealth counters herein that it was permitted to introduce the pictures to establish the level of injury the victim sustained in order to demonstrate specific intent. We hold that Appellant is entitled to no relief. Preliminarily, we agree that the photographs are inflammatory. The photographs in question do show the victim's bludgeoned face with large amounts of blood. However, the testimony of the expert witness in this matter, regarding the significant damage to Jose Vasquez's skull, was more disturbing than the actual photographs. Unlike **Powell**, this case did require the Commonwealth to show specific intent. While unpleasant, the photographs' evidentiary value exceeded the likelihood of inflaming the jurors' minds.

The photographs demonstrate the force required to cause the injuries suffered and eradicate any doubt that the person who inflicted the blows did not intend to cause death. The pictures showed the severity of the injuries and visually depicted the significant blows to the head suffered by the murder victim, evidence from which specific intent could be inferred. The mere fact that the expert was able to testify regarding these injuries is not

grounds to preclude photographic evidence. For the aforementioned reasons, Appellant's claim fails.

Judgment of sentence affirmed.

Judge Allen Joins the Memorandum.

Judge Lazarus files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2015