## Commonwealth v. Fox

*Howard Stewart,* assistant district attorney, for the Commonwealth.

*George Schultz,* for defendant.

DOWLING, *J.,* November 30, 1984—Defendant barbarously beat his wife to death. He attacks his first degree murder conviction solely on the basis that photographs illustrating his savagery were improperly introduced into evidence and shown to the jury.

In Commonwealth v. Scaramuzzino, 455 Pa. 378, 381, 317 A.2d 225 (1974), the Supreme Court reiterated the standard by which such materials are evaluated: "The proper test to be applied by the trial court in determining the admissibility of photographs in homicide cases is whether or not the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors. Commonwealth v. Powell, 428 Pa. 275, 278-279, 241 A.2d 119, 121 (1968). Such photographs will not be excluded merely because they are horrid or gruesome. Commonwealth v. Snyder, 408 Pa. 253, 257, 182 A.2d 495, 496 (1962), but the more inflammatory the photograph, the greater the need to establish the evidentiary value." Commonwealth v. Smith, 313 Pa.Super. 138, 459 A.2d 777 (1983).

In his opening statement, defense counsel conceded that defendant had in fact killed the victim. Mr. Fox never took the stand to deny this fact, and the only defense offered was that the killing did not rise to the level of first degree murder because of intoxication and/or provocation.

In Commonwealth v. Petrakovich, 459 Pa. 511, 329 A.2d 844 (1974), it was held that a trial court must employ a two-stepped analysis to determine whether a photograph of a corpse is admissible in evidence by the prosecution. Preliminarily the court would decide whether the photograph was inflammatory. Here were introduced at trial eight colored pictures graphically depicting the victim's battered body. It is difficult to verbalize these gruesome illustrations; one must actually see them to fully appreciate their horror. There is a close-up of the victim's head showing large, deep, bloody gashes as well as the side of her distorted face. Another photo shows numerous bruises and lacerations over her entire body. The remainder are close-ups, all in color, of various parts of the nude, desecrated corpse.

Some might say, "So be it." These are after all a true representation of what defendant did in fact do, and can illustrate beyond any words his wickedness of disposition, hardness of heart, cruelty and intent to kill. Ah, but this argument misses the point. The danger is that the introduction into evidence of such gruesome photographs could destroy the mental poise of the jurors, riveting their minds upon a scene of carnage, and thus tending to exclude calm consideration of any defense the perpetrator might have.

Yet though inflammatory, they are still admissible if they possess sufficient evidentiary value. But here, relevancy is as absent as was defendant's mercy. All that the pictures show has been conceded, and testified to by the pathologist. He was examined extensively as to the cause of death and the nature of the wounds, stating that the victim died from "multiple injuries that involved her head, trunk—that is the body—and her arms and legs." The doctor further stated that there was a minimum

of 16 lacerations on the head area and that these injuries were consistent with a tire iron or poker being used. The defense did not contest the nature of the wounds, the cause of death, or that a deadly weapon was used on a vital part of the body.

In Commonwealth v. Liddick, 471 Pa. 523, 737 A.2d 729 (1970), the court concluded that the admission of two black and white photographs of the corpse of the deceased victim constituted error justifying a new trial. The court rejected the Commonwealth's argument, which was far stronger than in our case, that the photographs supplied needed evidence of defendant's identity as the perpetrator of the crime since they portrayed the body bound by rope and chain connected to cinder blocks, the same apparatus by means of which defendant had earlier thought to dispose of his wife's body once her death was accomplished. The court noted: "This contention, however, overlooks the fact that the testimony of the Commonwealth's witnesses who recovered the body from the lake adequately conveyed to the jury the substance of the photographs, thus rendering the latter evidence merely cumulative." 471 Pa. at 526. So in this case the pathologist's testimony adequately described the injuries and rendered the photographs at best cumulative.

In Commonwealth v. Powell, 428 Pa. 275, 241 A.2d 119 (1968), an expert used colored slides of the deceased in an effort to help the jury to understand his medical testimony. The Supreme Court held the trial court abused its discretion in admitting the photographs, commenting that the force used and the nature and the extent of the injuries had no bearing on the finding of first degree felony murder, but more importantly for our case stating, "Moreover, assuming their relevance with respect to appellant's intent to commit grievous bodily

harm, no where is it illustrated to our satisfaction that the pathologist could not have adequately and effectively testified without the use of the photographs." 428 Pa. at 279.

Accordingly, we enter the following

## ORDER

And now, this November 30, 1984, defendant's motion for a new trial is granted.