J-A06031-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOGAN HUNTER BERNAT, | : | |
| | : | |
| Appellant | : | No. 33 WDA 2017 |

Appeal from the Judgment of Sentence November 18, 2016
in the Court of Common Pleas of Clarion County
Criminal Division, at No(s): CP-16-CR-0000442-2015

BEFORE: BENDER, P.J.E, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.   **FILED APRIL 13, 2018**

Logan Hunter Bernat (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of sexual assault.  We affirm.

On September 27, 2015, Victim, a freshman at Clarion University, met Appellant between parties.  Appellant and others went to Victim's dorm room and ordered pizza.  The others began leaving approximately one hour after the pizza was ordered, eventually leaving Appellant alone in the room with Victim.  Appellant then had sexual intercourse with Victim against her will. During the assault, Victim sent text messages seeking help.  Two of Victim's friends then came to her room, and Appellant pulled up his pants and fled. The police were called, and photographs of Victim's room were taken, including photographs showing blood on a blanket on Victim's bed.  Victim went to the hospital, where she was examined and photographs of her

_____
* Retired Senior Judge assigned to the Superior Court.

condition were taken. Of import to this appeal, one of those photographs is a close-up of Victim's genitalia revealing substantial abrasions.

Appellant was charged with several crimes related to his assault of Victim. Before trial, he unsuccessfully sought, via a motion *in limine*, to exclude the photographs described above. Following a jury trial, Appellant was convicted of sexual assault, but acquitted of rape and simple assault. Appellant was sentenced to 40 to 80 months of imprisonment. After Appellant's timely-filed post-sentence motion was denied, Appellant timely filed a notice of appeal to this Court. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three questions for this Court's review, which amount to two issues: whether the evidence was sufficient to sustain Appellant's conviction, and whether the trial court erred in denying Appellant's motion *in limine* seeking to exclude the photographs of the bloody blanket and Victim's genitalia.

We address Appellant's sufficiency arguments mindful of the following:

[i]n reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as

the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

**Commonwealth v. Cline**, 177 A.3d 922, 925 (Pa. Super. 2017) (quoting

**Commonwealth v. Moreno**, 14 A.3d 133, 136 (Pa. Super. 2011)).

The relevant criminal statute provides that "a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. Because the statute does not specify otherwise, the default *mens rea* of "intentionally, knowingly or recklessly" applies. 18 Pa.C.S. § 302(c).

In maintaining that the Commonwealth did not establish each element of sexual assault, Appellant does not argue that the evidence was insufficient to establish that his actions against Victim were done without her consent, or that he acted at least recklessly. Rather, Appellant focuses on the contention that the evidence was insufficient to prove that he penetrated Victim's vagina. Appellant acknowledges that the testimony of the complainant is sufficient to convict a defendant of sexual assault, but contends that the evidence is

insufficient to prove sexual intercourse beyond a reasonable doubt "where the elicited testimony (and other evidence) leaves open the question of whether the defendant's penis penetrated the vagina[.]" Appellant's Brief at 21.

The evidence in the instant case did not leave the question of penetration open. Victim was asked "Now, … when you say that he had sex with you, does that mean that his penis penetrated your vagina?" N.T., 8/1/2016, at 178. Her answer: "Yes." *Id.* This testimony was corroborated by Marina Meholick, one of the people who responded to Victim's request for help, who testified that Appellant reported that he had been having sex with Victim. *Id.* at 107. Accordingly, Appellant's claim that the Commonwealth did not prove penetration is meritless.

With his remaining sufficiency challenge, Appellant contends that the trial court erred in denying his motion for judgment of acquittal because the evidence is so full of contradictions that "it was not possible for the jury to reach a rational conclusion regarding the incident." Appellant's Brief at 24. Appellant cites *Commonwealth v. Bennett*, 303 A.2d 220 (Pa. Super. 1973), in support of his argument. In *Bennett*, the Commonwealth's case was based on the testimony of one witness, Jones. This Court found that Jones's testimony was insufficient to support Bennett's conviction of receiving of stolen property.

> Jones (who had been contradictory with respect to his own perpetration of the larceny) sought to implicate the defendant by

giving several wholly different, conflicting and inconsistent versions of when and how he had told her that the car had been in fact stolen by him. On a previous occasion Jones had denied he had ever conveyed to defendant knowledge of the car's theft. With each new version Jones would recant the previous one and protest that the newest version was in fact the true one. This situation presented the jury not with a mere conflict or contradiction in testimony which was reasonably reconcilable by them, but a situation falling within the rule: ... a case should not go to the jury where the party having the burden offers testimony of a witness, or of various witnesses, which is so contradictory on the essential issues that any finding by the jury would be a mere guess…. When the testimony is so contradictory on the basic issues as to make any verdict based thereon pure conjecture the jury should not be permitted to consider it.

*Id*. at 220-21 (internal quotation and citation omitted).

The evidence offered in **Bennett** is not at all analogous to the situation in the instant case. The "contradictions" cited by Appellant, **see** Appellant's Brief at 23-24 (noting that others who were there for pizza thought Appellant was remaining in the room afterwards with Victim's consent; that Victim texted for help instead of shouting; and that Victim smiled for a photograph later at the hospital), in no way presented irreconcilable guesswork for the jury. The jury was free to conclude, for example, that a person's allowing someone to remain in her room does not constitute consent to hold her down and have intercourse with her while she says "stop," and "I don't want to do this." N.T., 8/1/2016, at 176. **See also id.** at 103 (Meholick testifying that she heard "concerning noises" and "ow and stop" coming from Victim's room while Victim was alone with Appellant).

In sum, the evidence against Appellant was not weak or inconclusive. The inconsistencies among witnesses about things such as at what exact time the pizza arrived does not negate the Commonwealth's clear evidence that Appellant had sexual intercourse with Victim without her consent. Accordingly, the trial court did not err in denying Appellant's motion for judgment of acquittal.

We turn to Appellant's remaining claims: that the trial court should have excluded as inflammatory and prejudicial the photographs of Victim's bloody blanket and genitalia. Our standard of review is for an abuse of discretion.

> A trial court has broad discretion to determine whether evidence is admissible and a trial court's ruling on an evidentiary issue will be reversed only if the court abused its discretion. Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013) (internal quotation and citations omitted).

When considering the admissibility of photographs of a crime scene or victim, which by their very nature can be unpleasant, disturbing, and even brutal, the trial court must engage in a two-step analysis:

> First a [trial] court must determine whether the photograph is inflammatory. If not, it may be admitted if it has relevance and can assist the jury's understanding of the facts. If the photograph is inflammatory, the trial court must decide whether or not the photographs are of such essential evidentiary value that their

need clearly outweighs the likelihood of inflaming the minds and passions of the jurors.

*Commonwealth v. Tharp*, 830 A.2d 519, 531 (Pa. 2003) (citation omitted).

"The fact that blood is visible does not necessarily require a finding that a photograph is inflammatory." *Commonwealth v. Lewis*, 567 A.2d 1376, 1382 (Pa. 1989). Additionally, "[e]ven where the body's condition can be described through testimony from a medical examiner, such testimony does not obviate the admissibility of photographs." *Commonwealth v. Begley*, 780 A.2d 605, 622–23 (Pa. 2001) (quoting *Commonwealth v. Jacobs,* 639 A.2d 786, 789 (Pa. 1994)).

Appellant notes that "there is a dearth of case law addressing the inflammatory nature of photo[graph]s of genitals" and posits that this suggests that such images "are not frequently presented as evidence because of their inherently prurient nature, which almost certainly inflames the passions of the jury." Appellant's Brief at 17. He also contends that the blanket photo was inflammatory because it gruesomely showed a substantial amount of blood. *Id.* at 18.

The trial court viewed the photographs prior to trial and determined that they were not inflammatory.

> Here, the photographs were not of such a gruesome nature or cast in such an unfair light that they would tend to cloud the jury's assessment of the guilt or innocence of [Appellant]. The photographs were not gruesome or inflammatory. They were fair and accurate depictions of [Victim's] bed and her physical

- 7 -

condition on [the] night of the incident. As such, they were relevant evidence and they tended to corroborate the testimony that [Appellant] had penetrated [Victim's] vagina with his penis.

Trial Court Opinion, 4/25/2017, at 4-5 (unnumbered).

We discern no abuse of discretion in the trial court's ruling. The photograph of the blanket reveals blood on the bed in the area where Victim's genitals would have been, given her account of Appellant's being on top of her. While it is certainly not a pleasant sight, it is far from what has been deemed gruesome in the cases relied upon by Appellant. Appellant's Brief at 17-19 (citing **Commonwealth v. Scaramuzzino**, 317 A.2d 225, 226-27 (Pa. 1974) (holding it was error to show, for over ten minutes, color autopsy photographs, including those of the victim's heart removed from the body, where the minimal value in helping the jury understand the pathologist's testimony concerning cause of death was "clearly outweighed by the likelihood of inflaming the minds and passions of the jurors")).

Likewise, while viewing the photograph of Victim's abraded vaginal area likely caused discomfort to the jury, the photograph presents only relevant information, not a prurient depiction designed to inflame the passions of the jurors. Appellant complains of the fact that it is a close-up image; however, the detail to be seen—the blood and abrasions—would not be discernable from a more remote view. Further, to minimize any risk of inflammation, the trial court took the precaution of prohibiting the photograph from being published

on the television monitor or passed among the jurors. We cannot conclude that the trial court's decision was an abuse of discretion. ***See, e.g., Commonwealth v. Dotter***, 589 A.2d 726, 729 (Pa. Super. 1991) ("The photographs in the instant case were neither gruesome nor inflammatory. The testimony was that they were fair and accurate depictions of [the victim's] physical condition on the morning after the incident for which [Dotter] was on trial. As such, they were relevant evidence and tended to corroborate [the victim's] testimony that [Dotter] had exercised forcible compulsion to achieve sexual satisfaction.").

Accordingly, Appellant has failed to convince us that the trial court committed an error of law or abuse of discretion that warrants relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/13/2018